UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES,

        Plaintiff,

                                    CASE NO. 11-CR-20148
v.                                  HONORABLE GEORGE CARAM STEEH

PAUL DELGADO,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S 28 U.S.C. § 2255 MOTION (Doc. 64)
and DENYING CERTIFICATE OF APPEALABILITY**

Federal prisoner Paul Delgado, appearing *pro se*, moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The government filed a response. For the reasons set forth below, defendant's motion shall be denied.

**I. BACKGROUND**

On January 4, 2001, defendant pled guilty to conspiracy to distribute multiple kilograms of cocaine. On April 14, 2001, Judge Bernard A. Friedman sentenced him to 120 months in custody to be followed by a five year term of supervised release. After serving his prison term, and while on supervised release, the probation department issued a petition for a warrant based on his possession of marijuana, his lies to probation that he was employed, and his creation of fraudulent paystubs to verify his lies. On March 9, 2010, defendant pled guilty to the supervised release violations, and Judge Friedman sentenced him to 60 months imprisonment. On February 3, 2012, in this case, defendant pleaded guilty to conspiring to possess, with the intent to distribute, 500 grams or more of cocaine.

A written plea agreement was entered into by the parties.  In exchange for his guilty plea to the conspiracy charge, the government agreed not to file a 21 U.S.C. § 851 sentencing enhancement and to dismiss the substantive drug count, possession with the intent to distribute cocaine.  During his Rule 11 plea colloquy, the court carefully delineated the minimum and maximum sentence of imprisonment:

> THE COURT: You understand that you're before the Court to plead guilty to the charge of conspiracy to possess with the intent to distribute 500 grams or more of cocaine?
>
> THE DEFENDANT: Yes.
>
> THE COURT: You understand that there's a minimum sentence of five years for this violation?
>
> THE DEFENDANT: Yes, I do.
>
> THE COURT: And a maximum sentence of up to 40 years in prison?
>
> THE DEFENDANT: Yes.
>
> . . .
>
> THE COURT: You have signed this Rule 11 plea agreement today?
>
> THE DEFENDANT: Yes, I did.
>
> THE COURT: You believe that you understand all the terms?
>
> THE DEFENDANT: I understand them.
>
> THE COURT: You understand that if the Court accepts this Rule 11 agreement, you face a likely guideline range of 97 to 121 months for the violation?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And you understand that's the lawyers' estimation of what the guideline range is going to be that applies to your case at sentencing?
>
> THE DEFENDANT: Yes, I do.

(Doc. 70 at 5-6). According to the Rule 11 plea agreement, the defendant and the government calculated defendant's guideline range to be 97 months to 121 months. (Doc. 45 at 3). The plea agreement further provided that the *minimum* sentence if the sentence was to run concurrently with his sentence he was currently serving for violating the terms of his supervised release was 103 months, and 60 months if the sentence was to run consecutively to his supervised release violations sentence. *Id.* at 4. The Court told the defendant of these minimum terms of imprisonment at his plea hearing:

> THE COURT: [Do you understand] that the Court will not impose a sentence of less than 103 months, if I order that sentence to run concurrent with the sentence that you're already serving?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Or less than 60 months if the Court orders the sentence in this case to run consecutively, that is, in addition to the sentence that you're already serving, you understand that?
>
> THE DEFENDANT: Yes, I do.

(Doc. 70 at 7). The defendant stated that outside the written plea agreement, he had not been promised anything else that caused him to plead guilty, and stated that he was satisfied with his attorney. *Id.* at 5, 7. Defendant also signed the Rule 11 plea agreement and attested that:

> [b]y signing below, defendant acknowledges that he has read (or been read) this entire document, understands it, and agrees to its terms. He also acknowledges that he is satisfied with his attorney's advice and representation. Defendant agrees that he has had a full and complete opportunity to confer with his lawyer, and has had all of his questions answered by his lawyer.

(Doc. 45 at 8). After the plea hearing, the probation department prepared a pre-sentence report stating that his sentence should be consecutive to the sentence he was already serving pursuant to U.S.S.G. § 5G1.3(a). Section 5G1.3(a) provides that the sentence

"shall be imposed to run consecutively" to a sentence that a defendant is currently serving if the "instant offense was committed while the defendant was serving a term of imprisonment" on another offense. Defendant did not file written objections to the report.

The government filed a sentencing memorandum recommending that his sentence be consecutive to the sentence he was serving for his supervised release violations and that the sentence be within the guideline range of 97 months to 121 months. (Doc. 54). The government's sentencing memorandum stated that "[t]here was no agreement between the parties as to whether the sentence in this case should run concurrent or consecutive to the sentence on Delgado's supervised release violation." *Id.* at 4. The memorandum further states that "[i]f the Court determines that the sentence in this case should run consecutively to that sentence, the proposed plea agreement does not contemplate a minimum sentence (other than that which is required by statute, namely 60 months). *Id.* At the sentencing hearing on May 14, 2012, defendant argued that the minimum sentences provided for in the Rule 11 agreement should apply, 103 months if the sentence was to run concurrent, and 60 months if the sentence was to run consecutive. (Doc. 71 at 7-8). He asked for a concurrent sentence and for a term of imprisonment of 103 months. *Id.* at 11. At sentencing, this court noted that the sentence to be imposed needed to take into account the fact that the crime involved the same type of conduct as his first sentence, the distribution of large quantities of drugs, and that defendant committed a significant part of the crime while in custody. *Id.* at 13. This court sentenced defendant to a term of 109 months to be served consecutively to his undischarged term of imprisonment. (Doc. 55).

## II. STANDARD OF REVIEW

A prisoner seeking relief under § 2255 "must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (citing *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)). As to defendant's allegation that his Sixth Amendment right to the effective assistance of counsel was violated, his claim falls into the first category listed above. *Pough*, 442 F.3d at 964. To prevail on this claim, the defendant must prove that his lawyer was ineffective by a preponderance of the evidence. *Id.* Moreover, the defendant must show that the constitutional error had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *Wright v. United States*, 182 F.3d 458, 463 (6th Cir. 1999). In order to prevail on a § 2255 motion alleging a non-constitutional error, a petitioner must show a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). It is a "well-settled principle that to obtain collateral review relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998) (quoting *United States v. Frady*, 456 U.S. 152, 166 (1982)).

### III. ANALYSIS

In the § 2255 petition now before the court, defendant argues that (1) he received ineffective assistance of counsel because his attorney did not advise him that he could receive more than 60 months if the sentence was consecutive, and (2) the government violated the plea agreement. Defendant asks the court to grant his petition outright or hold an evidentiary hearing. An evidentiary hearing is not necessary where "the record

conclusively shows that the petitioner is entitled to no relief." *Arrendondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citations omitted). Because the record is clear that defendant is not entitled to the relief sought, no evidentiary hearing shall be held.

**A.** **Ineffective Assistance of Counsel**

Defendant's primary argument is that he was denied effective assistance of counsel. Ineffective assistance of counsel claims arising out of the plea process are subject to the two-prong performance and prejudice test set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). Under the performance prong, defendant must show that counsel's representation fell below an objective standard of reasonableness. *Id.* (citing *Strickland,* 466 U.S. at 687-88). However, "the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of professional judgment." *Strickland*, 466 U.S. at 690. The second prong of the *Strickland* test, in the guilty plea context, requires petitioner "to show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 59. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Defendant has failed to establish the necessary prejudice prong.

Defendant argues that his attorney's performance was constitutionally deficient because he allegedly never told him that he could receive 103 months and a consecutive sentence. "It is well settled that a defense attorney's erroneous calculation and prediction of the sentencing guidelines is not a basis for setting aside a guilty plea." *United States v. Hicks*, 4 F.3d 1358, 1363 n.3 (6th Cir. 1993). The Sixth Circuit, recognizing the importance

of the detailed Rule 11 colloquy at the guilty plea hearing, has ruled that "[t]he mere fact than an attorney incorrectly estimates the sentence that a defendant is likely to receive is not a 'fair and just' reason to allow withdrawal of a plea agreement . . . This is especially true under the new Sentencing Guidelines." *United States v. Stephens*, 906 F.2d 251, 253 (6th Cir. 1990).

Sixth Circuit precedent establishes that a defendant's claim of ineffective assistance of counsel predicated on allegedly misleading information given by counsel about the terms of his plea agreement is not a basis for relief under § 2255 where there is a proper plea colloquy, and defendant is bound by the terms of the plea revealed in open court. *Warner v. United States*, 975 F.2d 1207, 1212 (6th Cir. 1992) (no prejudice under *Hill* from defense counsel's mistaken advice that federal sentence would be concurrent to state sentence where court specifically informed defendant that his counsel's advice was incorrect) (citing *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)); *Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999) (court's colloquy cured alleged promise from counsel); *United States v. Elliott*, No. 6:06-101, 2011 WL 1793384, at *5 (E.D. Ky. May 11, 2011) ("[W]hen the district court properly conducts a Rule 11 colloquy and informs the defendant of the maximum penalty he may receive, he simply cannot then argue that an attorney's inaccurate prediction caused prejudice."); *Clark v. United States*, No. 07-1059, 2010 WL 3430813, at *1 (W.D. Tenn. Aug. 20, 2010) (same).

Likewise, in this case, the court advised defendant of the maximum penalties he was facing, and defendant admitted that no promises had been made to him other than those set forth in his Rule 11 plea agreement. In his § 2255 motion, defendant claims that his attorney failed to inform him that he could be sentenced to 103 months if the sentence was

consecutive to the term of imprisonment he was serving for his supervised release violations, and further alleges that his counsel did not even know this fact himself. (Doc. 68 at 3). During the plea colloquy, however, this court carefully admonished defendant that these were the *minimum* sentences under the Rule 11 plea agreement, not the *maximum* sentences. (Doc. 70 at 7). The Rule 11 plea agreement unequivocally provided that the maximum term of imprisonment was 40 years and the guideline range was 97 months to 121 months. (Doc. 45 at 1, 3).

      A defendant arguing that his attorney has promised him greater leniency in sentencing than he received, cannot show actual prejudice under *Strickland* where the district court advises him of his maximum and minimum imprisonment range and otherwise provides necessary information about the Guidelines sentencing process. *See e.g., United States v. Martinez*, 169 F.3d 1049, 1053 (7th Cir. 1999) ("[A]n attorney's mere inaccurate prediction of sentence does not demonstrate the deficiency component of an ineffective assistance of counsel claim."); *Gonzalez v. United States*, 33 F.3d 1047, 1051-53 (9th Cir. 1994) (no prejudice where defendant accused his counsel of grossly miscalculating his guideline range where district court advised defendant of maximum possible sentences and fines).

      In this case, the record is clear that the court advised defendant of the maximum term of imprisonment of up to 40 years, and informed defendant that the guideline range was 97 to 121 months. (Doc. 70 at 5-6). In addition, the plea agreement, which defendant signed and acknowledged that he had read and discussed with defense counsel, also clearly provided for the above stated maximum sentence and guideline range. (Doc. 45 at 1, 3; Doc. 70 at 6). The court sentenced defendant to 109 months, which was in the

middle of the guideline range. (Doc. 55). Thus, even if defendant's allegation that his attorney misadvised him of the maximum penalties he was facing was true, defendant cannot establish that he would have insisted on going to trial but for this misrepresentation because the plea colloquy and Rule 11 agreement establish that defendant was informed of the penalties he faced by pleading guilty.

The Sixth Circuit has held that while Rule 11 requires the district court to inform a defendant of the maximum possible penalty, "there is no requirement in Fed. R. Crim. P. 11 that the court explicitly admonish a defendant that a sentence may be imposed consecutively." *United States v. Ospina*, 18 F.3d 1332, 1334 (6th Cir. 1994) (citations omitted); *see United States v. Humphrey*, 164 F.3d 585, 588 n.2 (11th Cir. 1999) (collecting cases holding that Rule 11 does not require the court to advise defendant about the possibility of consecutive sentences for multiple offenses). In *United States v. Rubalcaba*, 811 F.2d 491, 494 (9th Cir. 1987), the defendant argued that his attorney failed to advise him that his sentences could be consecutive, the same argument that defendant makes here. In that case, the Ninth Circuit ruled that even if his attorney had misinformed him as to whether his sentences would run concurrently, defendant had shown no prejudice where the district court informed the defendant of the maximum sentence; the district court was not required to inform the defendant that his sentences may run consecutively; and, defendant acknowledged that only certain counts would include concurrent sentences at his plea hearing and affirmed that he was satisfied with his attorney. *Id.* at 494. Similarly, in this case, the court advised defendant of the maximum sentence, was not required to inform defendant whether his sentences would be consecutive or concurrent; defense counsel never stated that sentences would be concurrent at the plea hearing, and

defendant admitted that he was satisfied with his counsel, and that no agreements existed other than those identified in the Rule 11 agreement. (Doc. 70 at 5 ). At the plea hearing, the following colloquy took place:

> THE COURT: All right. So other than these promises, has anyone promised you anything to cause you to plead guilty that's not included in the Rule 11 agreement that you signed?
>
> THE DEFENDANT: No, your Honor.

*Id.* at 9. Accordingly, even if defense counsel allegedly misrepresented that his sentence would be concurrent to the sentence defendant was already serving for his supervised release violations, defendant can show no prejudice under *Strickland* and defendant's § 2255 petition shall be denied.

### B. Violation of Plea Agreement

Although not entirely clear from his motion papers, it appears that in addition to his ineffective assistance of counsel claim, defendant also alleges a violation of his plea agreement. The argument lacks merit. Defendant has failed to show that the plea agreement was violated as he was sentenced within the parameters of the plea agreement. The Rule 11 plea agreement clearly provided for a guideline range of 97 to 121 months and the agreement did not require that the sentence be either consecutive or concurrent to any sentence, including the one he was serving for his supervised release violations. (Doc. 45). Moreover, defendant is procedurally defaulted from making the argument because he failed to raise the argument at sentencing or on direct appeal. *See Massaro v. United States*, 123 S. Ct. 1690, 1693 (2003).

### IV. CONCLUSION

For the reasons stated above, defendant's § 2255 motion (Doc. 69) is DENIED.

Under Fed. R. App. P. 22, an appeal may not proceed absent a certificate of appealability (COA) issued under 28 U.S.C. § 2253. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court finds no substantial showing of the denial of a constitutional right was made by defendant in these proceedings, and accordingly the issuance of a certificate of appealability is **DENIED**.

**IT IS SO ORDERED**.

Dated: May 21, 2014

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 21, 2014, by electronic and/or ordinary mail and also on Paul Delgado #27856-039, FPC Pensacola, Federal Prison Camp, P. O. Box 3949, Pensacola, FL 32516.

s/Barbara Radke
Deputy Clerk